Michael SCOTT, Appellant,

v.

Russell J. GALLAGHER, Appellee.

No. 01–05–00119–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 2, 2006.

Rehearing Overruled Jan. 18, 2007.

Michael Scott, Beeville, TX, for Appellant.

Julia Hamill Murray, Assistant Attorney General, Austin, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, Michael Scott, appeals an order dismissing his lawsuit for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–.014 (Vernon 2002). In his first issue, Scott asserts that the trial court did not have jurisdiction and, therefore, its order of dismissal is void. In his second and third issues, Scott contends that the trial court abused its discretion by dismissing his lawsuit because (1) no proof establishes that he failed to file an affidavit of previous lawsuits, (2) any complaints about the affidavit were waived when defects in the affidavit were not specifically pointed out, and (3) his lawsuit was not frivolous. We conclude that the trial court properly exercised jurisdiction over this matter. We further conclude that Scott's claim is frivolous under Chapter 14 of the Civil Practice and Remedies Code. We therefore affirm.

### Background

Scott was an inmate at the Texas Department of Corrections William P. Clements Unit. Appellee, Russell J. Gallagher, was a corrections officer at the unit. Scott filed this lawsuit against Gallagher and an unspecified number of "John Doe" defendants alleging that Gallagher and the John Doe defendants committed "civil assault and battery" by intentionally using chemical agents against a prisoner housed near Scott for the sole purpose of causing the chemical agents to physically affect Scott. Inmate Scott filed this lawsuit in forma pauperis in the Fort Bend County District Court by filing an unsworn declaration asserting that he is incarcerated and has no funds in his inmate trust account or from any other source to pay the filing fees for this lawsuit. At the time he filed his original petition, Scott also filed the following

documents required under Chapter 14 of the Texas Civil Practice and Remedies Code: (1) a copy of the offender grievance form complaining to the prison authorities about the facts asserted in this lawsuit and (2) an unsworn declaration detailing over 30 previous lawsuits filed by Scott. Scott later amended his petition.

Gallagher filed a motion to dismiss under Chapter 14 of the Civil Practice and Remedies Code. Gallagher's motion to dismiss asserts that Scott's lawsuit must be dismissed because (1) he failed to file an affidavit or unsworn declaration related to previous filings under sections 14.004(a)(1), 14.004(a)(2), and 14.004(b) of the Civil Practice and Remedies Code and (2) the lawsuit is frivolous because Gallagher, as a correctional officer in a prison, could properly use force to maintain security in the prison. Scott responded to Gallagher's motion to dismiss by filing an amended affidavit of previous lawsuits that more specifically detailed each of the prior lawsuits. Scott also replied to the motion to dismiss by asserting that his lawsuit is not frivolous because he alleged that Gallagher's malicious use of chemical agents waived Gallagher's right to claim the privilege to use force. The trial court granted Gallagher's motion and dismissed the lawsuit. The order dismissing the lawsuit states that the court found that Scott's petition was "frivolous and not in compliance with the requirements set forth in Texas Civil Practice and Remedies Code, Chapter 14." Scott filed a motion for new trial and motion to vacate the trial court's order of dismissal, which the trial court denied.

### Jurisdiction

In his first issue, Scott contends that the trial court lacked subject matter jurisdiction. Scott asserts that the incidents giving rise to this lawsuit occurred at the William P. Clements Unit, which is in Potter County, but this lawsuit was filed in Fort Bend County, contrary to a mandatory venue provision of the Texas Civil Practice and Remedies Code.

"[A]n action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located." TEX. CIV. PRAC. & REM.CODE ANN. § 15.019(a) (Vernon 2002). Filing a lawsuit in a county of improper venue is not a jurisdictional defect that would render a trial court's actions void. *See Gordon v. Jones,* 196 S.W.3d 376, 383 (Tex. App.-Houston [1st Dist.] 2006, no pet. h.). "Subject-matter jurisdiction refers to the court's power to hear a particular type of suit." *Id.* at 382. In contrast, venue "refers to the propriety of prosecuting, in a particular form, a suit on a given subject matter with specific parties, over which the forum must, necessarily, have subject-matter jurisdiction." *Id.* at 383. "Venue may and generally does refer to a particular county...." *Id.* "Venue pertains solely to where a suit may be brought and is a different question from whether the court has jurisdiction of the property or thing in controversy." *Id.* (citations and internal quotations omitted). "Moreover, unlike subject-matter jurisdiction, which may be challenged at any time, venue may be waived if not challenged in due order and on a timely basis." *Id.* (citing TEX.R. CIV. P. 86(1)) (internal citation omitted). "Because it may be waived, venue is not 'jurisdictional.'" *Id.*

Scott contends that because the William P. Clements unit is in Potter County, he should have filed his lawsuit there, rather than Fort Bend County, pursuant to section 15.019(a) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.019(a). However, this

statutory provision is found in Chapter 15 of the Civil Practice and Remedies Code, entitled "Venue." *See id.* We conclude that section 15.019(a) is a venue statute that describes the proper county for an inmate to bring a lawsuit. Accordingly, we hold that the trial court did not lack jurisdiction and, thus, its order of dismissal is not void.

We overrule Scott's first issue.

### In Forma Pauperis Inmate Litigation

In his second and third issues, Scott contends that the trial court erred by dismissing his lawsuit under Chapter 14.

■ Chapter 14 of the Texas Civil Practice and Remedies Code, entitled "Inmate Litigation," applies to a lawsuit brought by an inmate if the inmate seeks to proceed in forma pauperis by filing an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM.CODE ANN. § 14.002. An inmate who desires to proceed in forma pauperis, as here, must (1) file an affidavit or unsworn declaration describing all prior pro se lawsuits filed by the inmate, *see id.* § 14.004, (2) file an affidavit or unsworn declaration of the date that his claim was filed with the prison grievance system and the date that a written decision was received, *see id.* § 14.005, and (3) file a certified copy of the inmate's trust account statement with the trial court, *see id.* § 14.006(f). A trial court may dismiss an inmate's lawsuit for failing to comply with the procedural requirements of Chapter 14. *See Williams v. Brown,* 33 S.W.3d 410, 412 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Under Chapter 14, a trial court may also dismiss

a lawsuit that is malicious or frivolous. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003. We review a dismissal under section 14.004 of the Civil Practice and Remedies Code for abuse of discretion. *Clark v. J.W. Estelle Unit,* 23 S.W.3d 420, 421 (Tex. App.-Houston [1st Dist.] 2000, pet. denied). A trial court commits an abuse of discretion if it acts without reference to guiding rules or principles. *Id.*

It is undisputed that the requirements of Chapter 14 apply to this lawsuit filed by Scott, an inmate presently incarcerated within the Texas Department of Criminal Justice who has filed an unsworn declaration requesting permission to proceed in forma pauperis. The two grounds for dismissal asserted in Gallagher's motion to dismiss are that Scott fails to comply with sections 14.004(a)(1), 14.004(a)(2), and 14.004(b) by failing to file a proper affidavit or unsworn declaration describing prior lawsuits, and that Scott's lawsuit is frivolous for having no arguable basis in law or fact because Gallagher, as a correctional officer in a prison, could properly use force to maintain security in the prison.[1] We conclude that the trial court properly dismissed the lawsuit because it was frivolous and, therefore, we do not address whether the unsworn declaration was properly filed under Chapter 14.

### Dismissal of Frivolous Lawsuit

■ Scott contends that the trial court abused its discretion by dismissing his lawsuit as frivolous for having no arguable basis in law or fact because (1) the trial court held no evidentiary hearing and (2) his petition specifically alleged that Galla-

---

**1.** Gallagher did not challenge Scott's lawsuit on any other grounds under Chapter 14. Gallagher stated that Scott complied with the other requirements in Chapter 14 because Scott "has filed a certified copy of his inmate trust account statement" and "has filed a copy of the written decision from the grievance system." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.005 (Vernon 2002) (requiring copy of written decision from grievance system); *id.* § 14.006(f) (requiring certified copy of inmate's trust account statement).

gher's use of force was malicious or in bad faith and, thus, was not privileged.[2]

■ To determine whether a lawsuit is malicious or frivolous, a court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b). Gallagher asserted in his motion to dismiss that Scott's claim was frivolous because it had no arguable basis in law or in fact.[3] A trial court has discretion whether or not to hold a hearing when dismissing a suit TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) ("the court *may* hold a hearing") (emphasis added). When a lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing was held, as here, our review focuses on whether the inmate's lawsuit has an arguable basis in law, which we review de novo. *Moreland,* 95 S.W.3d at 394. We conclude that the trial court did not err by failing to conduct an evidentiary hearing. *See id.* However, because the trial court did not conduct a hearing concerning the facts, we review Scott's lawsuit de novo to determine only whether it had an arguable basis in law. *Id.*

■ A claim has no arguable basis in law if it is an "indisputably meritless legal theory." *Minix v. Gonzales,* 162 S.W.3d 635, 637 (Tex.App.-Houston [14th Dist.] 2005, no pet.). In conducting our de novo review, we take as true the allegations of the inmate's petition. *Long v. Tanner,* 170 S.W.3d 752, 754 (Tex.App.-Waco 2005, pet. denied) (citing *Mullins v. Estelle High Sec. Unit,* 111 S.W.3d 268, 272 (Tex.App.-Texarkana 2003, no pet.) and *Jackson v. Tex. Dep't of Criminal Justice,* 28 S.W.3d 811, 813 (Tex.App.-Corpus Christi 2000, pet. denied)); *Harrison v. Tex. Dep't of Criminal Justice,* 915 S.W.2d 882, 888 (Tex. App.-Houston [1st Dist.] 1995, no writ). In other words, we review the inmate's

---

**2.** Scott's third issue is set forth verbatim below.

> Appellant third point of error is the district court abused its discretion under Chapter 14 in dismissing his claim as frivolous for having no arguable basis in law or fact.
>
> Since there was no fact hearing held in this suit. The district court was thereby limited to determining whether Appellant claim had a arguable basis in law. See *Sawyer v. Texas Dept. Of Criminal Justice,* 983 S.W.2d 310, 311 (Tex.App.-Houston [1st Dist.] 1998).
>
> To the extent, the district court did dismiss Appellant claim as frivolous for having no arguable basis in law. Appellant alleged in his petition, that the Appellee used chemical agents for the sole purpose to cause him physical harm.

In reply, the Appellee pleaded that he was privileged under § 9.53 of the Texas Penal Code to use force against Appellant.

However, a claim of privileged use of force (quasi-judicial immunity) can be overcome by allegations of bad faith or malicious use. See *Onnette v. Reed,* 832 S.W.2d 450, 453–54 (Tex.App.-Houston [1st Dist.] 1992); *Johnson v. Peterson,* 799 S.W.2d 345, 347 (Tex.App.-Houston [14th Dist.] 1990).

Appellant has clearly met such burden in his pleading (malice use of force), to overcome any allegations of priviledge use by the Appellee.

**3.** Gallagher's only asserted basis for dismissing Scott's lawsuit as frivolous was that it had no arguable basis in law or fact. He did not argue the other grounds in section 14.003(b). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon 2002).

petition to determine whether, as a matter of law, it stated a cause of action that would authorize relief. *Long,* 170 S.W.3d at 754; *Lentworth v. Trahan,* 981 S.W.2d 720, 722 (Tex.App.-Houston [1st Dist.] 1998, no pet.). A court may not dismiss an inmate's lawsuit simply because it thinks that the inmate's allegations are "unlikely." *Minix,* 162 S.W.3d at 637.

In his first amended petition, Scott alleged that Gallagher and the John Doe defendants committed a civil assault and battery by "intentionally us[ing] chemical agents towards another offender so that the fumes from the chemical agents could physically affect [Scott]." Scott also alleged that

> Gallagher gave orders to several "John Doe" Defendants to use chemical agents towards another offender (nickname "Jimmy"; last name "Williams") who [sic] cell was located close to Plaintiff['s] cell (12–B–74) for the sole purpose so that the fumes from the chemical agents could spread and physically affect Plaintiff. One "John Doe" Defendant then sprayed chemical agents into the cell of the other offender. As an [sic] result of the Defendant['s] actions, the chemical agents quickly spreaded [sic] into Plaintiff['s] cell causing him [injuries].

Gallagher moved for dismissal alleging that he had a privilege to use force. A correctional officer is given a privilege to use force by section 9.53 of the Texas Penal Code, entitled "Maintaining Security in a Correctional Facility," which states:

> An officer or employee of a correctional facility is justified in using force against a person in custody when and to the degree the officer or employee reasonably believes the force is necessary to maintain the security of the correctional facility, the safety or security of other persons in custody or employed by the

> correctional facility, or his own safety or security.

TEX. PEN.CODE ANN. § 9.53 (Vernon 2003).

Scott contends that this lawsuit is not frivolous because his petition specifically alleged that Gallagher's use of force was malicious or in bad faith, and, thus, was not privileged. However, Scott did not allege malice or bad faith in either his original or his amended petition. Scott only alleged that Gallagher directed a John Doe defendant to use chemical agents against an inmate who was housed near Scott for the sole purpose of causing the agents to affect Scott. Scott does not allege that the use of agents was not reasonably believed to be necessary to maintain safety or security. *See id.; see also Hall v. State,* 158 S.W.3d 470, 475 (Tex. Crim.App.2005) (stating that correctional officer's use of force within definition of section 9.53 is lawful). Nor does Scott allege that the degree of force was excessive. *See* TEX. PEN.CODE ANN. § 9.53; *see also Birdo v. DeBose,* 819 S.W.2d 212, 215 (Tex.App.-Waco 1991, no writ) (holding allegation of use of force in bad faith and "without provocation or justification" sufficient to state valid legal theory against correctional officers); *Johnson v. Peterson,* 799 S.W.2d 345, 347 (Tex.App.-Houston [14th Dist.] 1990, no writ) (affirming dismissal of inmate's lawsuit as frivolous because section 9.53 allows use of reasonable force and no allegation of use of excessive force was made). Scott has pleaded a cause of action that states only that Gallagher used force against him by using chemical fumes that physically injured him. Gallagher, as a correctional officer, is justified in using force against Scott, a person in custody of the correctional facility, "when and to the degree" that Gallagher "reasonably believes the force is necessary to maintain the security of the correctional facility." *See* TEX. PEN.CODE ANN. § 9.53. Scott has not pleaded any

facts that assert that the force used by Gallagher was excessive, unreasonable, or unnecessary to maintain security. *See id.* We therefore conclude that Scott's lawsuit is frivolous as a matter of law because the facts asserted fall within the use of force that is privileged under section 9.53 of the Texas Penal Code. *See id.* We hold that the trial court did not abuse its discretion in dismissing this lawsuit as frivolous.

We overrule Scott's third issue.

### Conclusion

We affirm the trial court's order of dismissal.