

**NUMBER 13-08-016-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ROB L. NEWBY,** **Appellant,**

**v.**

**D. HURLEY, ET AL.,** **Appellees.**

## On appeal from the 1-A District Court of Tyler County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Rob L. Newby, a prison inmate, appeals *pro se* and *in forma pauperis* from the dismissal of his claims against appellees, officials employed by the Texas Department of Criminal Justice-Institutional Division (TDCJ).[1] By a single issue, appellant contends the trial court erred in dismissing his claims under chapter fourteen of the civil

---

[1] Appellant's petition lists appellees as Deborah Hurley, Gary Currie, Kelli Ward, Michael Roesler, Veronica Brisher, and the State of Texas.

practice and remedies code.[2]  We affirm.

## Standard of Review and Applicable Law

We normally review a court's dismissal of an *in forma pauperis* action for abuse of discretion.[3]  When, as here, the trial court dismisses a suit without an evidentiary hearing, we may affirm the dismissal only if the suit has no arguable basis in law.[4]  We apply a de novo standard of review to this issue.[5]

In conducting our de novo review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief.[6]  In considering the record before us, we review and evaluate *pro se* pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers.[7]  A claim has no arguable basis in law if it is an indisputably meritless legal theory.[8]  Further, a claim has no arguable basis in law if the inmate has failed to exhaust his administrative

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002 & Supp. 2007).

[3] *See Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no pet.).

[4] *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.--Houston [1st Dist.] 2006, no pet.); *Denson v. Tex. Dep't of Crim. Justice*, 63 S.W.3d 454, 459 (Tex. App.–Tyler 1999, pet. denied).

[5] *See Scott*, 209 S.W.3d at 266; *Denson*, 63 S.W.3d at 459.

[6] *See Scott*, 209 S.W.3d at 266; *Harrison v. Tex. Dep't of Criminal Justice, Inst. Div.*, 164 S.W.3d 871, 875 (Tex. App.–Corpus Christi 2005, no pet.).

[7] *Harrison*, 164 S.W.3d at 875.

[8] *Scott*, 209 S.W.3d at 266.

remedies.[9]   If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if the ground was not presented in a motion to dismiss.[10]

Thus, the issue before us is whether the trial court properly determined that there was no arguable basis in law for appellant's claims.[11]

**Discussion**

Appellant contends that his claim involves "alleged violations of his right to petition for redress of grievances and interference with his exercise of that right."  In his original petition, appellant complains that the grievance box in the unit where he is assigned is inaccessible to inmates because "they are locked down in their cells."  The defendants filed an answer and special exceptions, in which they asserted, among other things, that (1) appellant failed to state a claim upon which relief can be granted under section 1983 of 42 U.S.C. or under any other state or federal statute, constitutional theory, or legal authority; (2) they are entitled to official immunity; and (3) if appellant is claiming an access-to-courts violation, he must establish "actual prejudice."

The Attorney General's office filed an "Amicus Curiae Advisory" with the trial court requesting dismissal of appellant's suit as frivolous.  Specifically, the advisory argued that appellant failed to comply with chapter 14 requirements because (1) he failed to include a copy of his trust account as required in section 14.004;[12] and (2) his claims have no

---

[9] *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.–Houston [14th Dist.] 2002, pet. denied).

[10] *Id.*

[11] *See Scott*, 209 S.W.3d at 266; *Retzlaff*, 94 S.W.3d at 653.

[12] *See* TEX. CIV. PRAC. & REM. CODE §§ 14.004(c), 14.006(f) (Vernon 2002).

3

arguable basis in law. The advisory also argued that appellant failed to show that sovereign immunity was waived, and that his claim was an access-to-courts claim for which he must show "actual injury." In his "First Supplemental Petition," appellant alleged that Defendant Hurley violated his right to petition when she failed to return his hand-written grievance, in which he complained of his inability to obtain Step 1 grievance forms.[13] The trial court dismissed appellant's suit as frivolous.

In his brief, appellant asserts that his suit is "about the denial of and interference with [his] right to file grievances, and should not have been subjected to the access to courts actual injury standard." Appellant asserts that he "stated a claim for denial of his right to petition." The State contends that "[t]he right to petition *is* the right of access to courts." We agree with the State.

In *Comeaux v. Thaler*,[14] the court found that an inmate's complaint that he had inadequate access to the prison grievance process and sufficient legal supplies implicated the constitutional right to access to the courts.[15] "Prisoners clearly have a constitutionally protected right of access to the courts."[16] To establish a denial of access to the courts, however, a prisoner must demonstrate "actual injury" as a result of the alleged violative

---

[13] We note that the documents attached to appellant's petition include a Step 1 Grievance Form, in which appellant complains that he submitted a hand-written grievance, and that Hurley returned it the next day, via the prison's internal mail system, along with a blank Step 1 Grievance Form.

[14] *Comeaux v. Thaler*, Civil Action No. H-01-1411, 2008 U.S. Dist. LEXIS 23571, at *63 (S.D. Tex. 2008).

[15] *Id.*

[16] *Id.*

4

conduct.[17]  In other words, he must establish that "his position as a litigant was prejudiced by his denial of access to the courts."[18]

Appellant cannot prevail on his access-to-the-courts claim because he has not alleged injury in pending litigation in this or any other case.[19]  The documents attached to appellant's petition include Step 1 and Step 2 Grievance Forms, in which he complained of the process by which grievances are submitted by prisoners in high-security cells. Because appellant failed to allege an actual injury or legal prejudice resulting from the alleged "interference" with his "right to petition," he failed to adequately state a claim for denial of access to the courts.[20]

Accordingly, appellant's claim for denial of his right of access to the courts had no arguable basis in law, and the trial court did not err in dismissing the lawsuit as frivolous.[21]

We affirm the trial court's judgment.

 

 

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 21st day of August, 2008.

---

[17] *Id.* at *64; *see also Romero v. Vaughn*, No. 04-03-00649-CV, 2004 Tex. App. LEXIS 4915, at *6 (Tex. App.–San Antonio June 2, 2004, pet. denied) (mem. op.) (citing *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996)).

[18] *Comeaux*, 2008 U.S. Dist. LEXIS 23571, at *64 (quoting *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998).

[19] *See McDonald*, 132 F.3d at 231

[20] *See Comeaux*, 2008 U.S. Dist. LEXIS 23571, at *64.

[21] *See Gallagher*, 209 S.W.3d at 266.