Opinion issued
June 24, 2010.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-00220-CV

———————————

Fred Franklin Alexander, Appellant

V.

Lisa D. GrEen, Appellee



 



 

On Appeal from the 369th
District Court

Anderson County, Texas



Trial Court Case No. XXX-XX-XXXX[1]

 



 

 

MEMORANDUM
OPINION

 

          Appellant,
Fred Franklin Alexander, appeals the trial court’s order dismissing his suit
for being frivolous or malicious.  In a
single issue, Alexander contends he alleged a cause of action for deprivation
of his right of access to the courts by appellee, Lisa D. Green, a correctional
officer at the prison unit in which Alexander is incarcerated.  We conclude the trial court properly
dismissed Alexander’s suit.  We affirm.

Background

          Alexander
filed suit alleging that Green wrongfully denied him access to the library on
August 1, 2008, when he was scheduled for a two-hour session.  Alexander filed a grievance complaining of
this alleged violation of his right to access to the courts.  After the grievance system determined that Alexander
was denied access to the law library for failing to follow proper orders given
by the law library staff and that no further action was warranted, Alexander
filed this suit against Green in district court.  The district court entered an “Order of
Dismissal.”  The district court stated it
found Alexander’s claims “to be frivolous and malicious” and dismissed the suit
without prejudice.

Dismissal
of Frivolous Lawsuit

          In a single issue, Alexander contends
the trial court erred by dismissing his lawsuit as “frivolous or malicious.”

          A.      Law Concerning Inmate Litigation

          Chapter 14 of the Texas Civil Practice
and Remedies Code, entitled “Inmate Litigation,” applies to a lawsuit brought
by an inmate if the inmate seeks to proceed in forma pauperis by filing an
affidavit or unsworn declaration of inability to pay costs.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon 2002).  Under Chapter 14,
a trial court may dismiss a lawsuit that is malicious or frivolous.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002);
Scott v. Gallagher, 209 S.W.3d 262,
265 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  A trial court has discretion whether or not
to hold a hearing when dismissing a suit pursuant to Chapter 14.  Scott,
209 S.W.3d at 266; (citing Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex.
App.—Houston [1st Dist.] 2002, no pet.)); Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(c) (“the court may hold
a hearing”) (emphasis added).  When the
trial court does not hold a hearing before dismissing a lawsuit as malicious or
frivolous, our review focuses on whether the inmate’s lawsuit has an arguable
basis in law, which we review de novo.  Scott, 209 S.W.3d at 266 (citing Moreland,
95 S.W.3d at 394).  A claim has no
arguable basis in law if it is an “indisputably meritless legal theory.”  Scott,
209 S.W.3d at 265 (quoting Minix v. Gonzales, 162 S.W.3d 635, 637 (Tex.
App.—Houston [14th Dist.] 2005, no pet.)).

          In
conducting our de novo review, we take as true the allegations of the inmate’s
petition. Scott, 209 S.W.3d at 266.  In other words, we review the inmate’s
petition to determine whether, as a matter of law, it states a cause of action
that would authorize relief.  Id. (citing Lentworth v. Trahan,
981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.)).  A court may not dismiss an inmate’s lawsuit
simply because it thinks that the inmate’s allegations are “unlikely.”  Id.
(citing Minix, 162 S.W.3d at 637).

          B.      Law
Concerning Access to Courts

          Prisoners
have a constitutional right of access to the courts.  Thomas
v. Brown, 927 S.W.2d 122, 125 (Tex. App.—Houston [14th Dist.] 1996, writ
denied) (citing Bounds v. Smith, 430
U.S. 817, 822, 97 S. Ct. 1491, 1495 (1977)). 
This access must be adequate, effective, and meaningful.  Id.
(citing Bounds, 430 U.S. at 822, 97
S. Ct. at 1495).  This right may be
satisfied by access to a law library.  Id. (citing Bounds, 430 U.S. at 830–31, 97 S. Ct. at 1499–1500).

          In
asserting a claim of deprivation of access to the courts based on denial of
access to a law library, an inmate must allege harm.  Drecker
v. Dunbar, 200 S.W.3d 807, 811 (Tex. App.—Texarkana 2006, pet. denied); see Thomas, 927 S.W.2d at 126 (“A prisoner
contending that his right of access to the courts was violated because of
inadequate access to a law library must establish two elements: (1) the access
was so limited as to be unreasonable and (2) the inadequate access caused him
actual injury.”).  This is usually done
by alleging that some claim or defense in court was impacted.  See Drecker,
200 S.W.3d at 811; see also Brewer v.
Simental, 268 S.W.3d 763, 771 n.2 (Tex. App.—Waco 2008, no pet.) (stating
“actual injury” due to deprivation of access to law library is usually shown by
“legal prejudice in the litigation the inmate is involved in”).

          C.      Analysis     

          The
requirements of Chapter 14 apply to this lawsuit filed by Alexander, an inmate
presently incarcerated within the Texas Department of Criminal Justice who has
filed an unsworn declaration requesting permission to proceed in forma
pauperis.  Because the trial court did
not conduct a fact hearing before dismissing Alexander’s suit, we review Alexander’s
petition de novo to determine only whether it had an arguable basis in law.  See Scott,
209 S.W.3d at 266; Moreland, 95 S.W.3d at 394.  

          In
his petition, Alexander alleged, 

On August 1, 2008; I, “Fred Franklin Alexander,” had been
scheduled to use the law library here on the Coffield Unit between the hours of
4:30 AM until 6:30 AM… [sic]  Upon my
arrived approximately at 4:40 AM., I knocked on the closed law Library Door at
which time Law Library supervisor Officer Lisa D. Green – CO V., came to the
door and ask where are you coming from.. [sic] 
I responded U-Wing.  Officer
Green, said, I have already checked in the Law Library Session and closed this
door, you are “ordered” to leave.. [sic] Therefore, Officer Green, “deprived me
of a session in the prison law library which was to have lasted for two
hours”. . . [sic]  Officer
Green, “did in fact displayed a willful, wanton, or reckless indifference
toward my interest to be free from deprivation of daily access to the library
without due process;” “she arbitrarily infringed upon my right to attend a
daily session at the library; that she willfully, wantonly, or recklessly
breached her duty of care to assure me daily access to the library; and she
knew or reasonably should have known that her practice maliciously infringed
upon my access to the courts.  Ms. Green
actions violated Texas Constitution Article 1, section 9; Penal Code section
39.021(A)(2); and TDCJ-ID Rule AM 03.81.030.

 

Alexander did not allege any actual
harm or any prejudice in litigation in which he was involved.  Alexander’s petition, therefore, does not
allege an element necessary to establish his claim.  We conclude the trial court properly
dismissed Alexander’s claim as frivolous. 
See Drecker, 200 S.W.3d at 811
(affirming dismissal as frivolous inmate’s claims of deprivation of access to
law library where inmate did not allege “his efforts to pursue a legal claim or
defense in court were in any way impeded”); see
also Scott, 209 S.W.3d at 267–68 (affirming dismissal as frivolous inmate’s
claims of “civil assault and battery” where inmate failed to allege use of
force was malicious or in bad faith, which was element required to avoid
correctional officer’s privilege to use force to maintain security or safety).

Conclusion

          We
affirm the trial court’s order of dismissal.

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Justices
Jennings, Alcala, and Massengale.

 











[1]           This
case was transferred to this Court from the Twelfth Court of Appeals  pursuant to an order from Supreme Court of Texas, Misc. Docket No. 08-9177.