NO. 07-10-00254-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
28, 2011

 



 

IN RE R. WAYNE JOHNSON, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK, JJ. and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Relator R. Wayne Johnson, acting pro se, seeks a writ of mandamus
directed at respondent, the Honorable Robert W. Kinkaid, Jr., Judge of the 64th
District Court of Hale County.  Relator=s amended petition asks that we
direct Judge Kinkaid to sign an order granting relator’s
request for a temporary restraining order. We will deny relator’s
amended petition.

To be entitled to mandamus relief in
a circumstance like this, a relator must show that
the trial court clearly abused its discretion and the relator
has no adequate remedy by appeal.  In
re McAllen Medical Center Inc., 275 S.W.3d 458, 462 (Tex. 2008), citing
In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004).   The mandamus record must include every
document that is material to the claim for relief and that was filed in the
underlying proceeding.  Tex. R. App. P. 52.7; Dallas
Morning News v. Fifth Court of Appeals, 842 S.W.2d 655, 658 (Tex. 1992).  This means relator
must provide an adequate record to substantiate the allegations contained in the
petition for mandamus.  Id.; Packer, 827 S.W.2d
833, 837 (Tex. 1992).  Absent a
sufficient record, mandamus will not issue. 
Id.  

 Relator asserts he
filed “a TRO” and an “amended TRO” in the trial court and sent copies directly
to respondent.  The record
does not contain copies of either application, making the record insufficient
on which to grant relator’s petition for
mandamus.  Tex. R. App. P. 52.7; Dallas Morning News, 842
S.W.2d at 658; Packer, 827
S.W.2d at 837.  For that reason alone, relator’s petition must be denied. 

Moreover, relator’s
amended petition falls considerably short of demonstrating Judge Kincaid
clearly abused his discretion with respect to relator’s
request for relief.  The petition does
not demonstrate even minimal compliance with the rules regarding issuance of a
temporary restraining order.  See, e.g., Tex. R. Civ.
P. 680, 684. 

Nor does relator
demonstrate compliance with other provisions of law applicable to his civil
suit.  Through the numerous appeals and
original proceedings relator has filed in this court,
we take judicial notice of the prefiling order that
requires relator to obtain the permission of the
local administrative judge before filing a civil suit in a Texas court.[2]  See
Tex. Civ. Prac.
& Rem. Code Ann. § 11.101 et seq.
(West 2002); Tex. R. Civ. P. 685 (on grant of temporary restraining
order, cause shall be entered on docket of court if not pertaining to pending
suit).  Nothing shows relator
has complied with Chapter 11 of the Civil Practice and Remedies Code.  

Relator’s petition indicates also that relator is an inmate in the Institutional Division of the
Texas Department of Criminal Justice. 
The action he seeks to bring in Judge Kincaid’s court is not brought
under the Family Code.  The action
therefore is subject to the inmate litigation provisions of Chapter 14 of the
Civil Practice and Remedies Code, and nothing demonstrates relator
has complied with its requirements.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 14.002 (scope of chapter), 14.004 (requiring filing of
affidavit relating to previous filings) (West 2009).

For all those reasons, relator’s mandamus petition fails to demonstrate an abuse
of discretion on Judge Kincaid’s part.   

Lastly, while the body of relator’s petition for mandamus indicates he is asking this
court to order Judge Kincaid to either grant or deny his request for a
temporary restraining order, the order relator has
submitted with his petition, which relator requests
that we direct the judge to sign, grants the relief sought.  Relator thus is not
simply asking us to direct the trial court to rule, he is asking us to direct
the ruling of the trial court on a matter on which it has not ruled, an improper request. 
See, e.g., In re Duffy, No. 07-09-0090-CV, 2009
Tex. App. Lexis 2738, at *4-5 (Tex.App.--Amarillo
Apr. 20, 2009, orig. proceeding) (mem. op.); In re Minnfee,
No. 07-09-0005-CV, 2009 Tex. App. Lexis 332, at *1-2 (Tex.App.--Amarillo
Jan. 16, 2009, orig. proceeding) (per curiam).  

For the reasons stated, we deny the
petition for writ of mandamus.[3]  

 

                                                                                                James
T. Campbell

                                                                                                            Justice











[1]  John T. Boyd, Chief Justice (Ret.), Seventh
Court of Appeals, sitting by assignment. 





[2] See In re R. Wayne Johnson, No.
07-09-0035-CV, 2009 Tex. App. Lexis 6831, *4-5 (Tex.App.--Amarillo
Aug. 27, 2009, orig. proceeding) (per curiam, mem. op.) (addressing order of
156th Judicial District Court of Bee County declaring relator
a vexatious litigant). Order available at http://www.courts.state.tx.us/oca/vexatiouslitigants.asp.
Nothing in relator’s petition or the record indicates
he obtained, or even requested, permission of the local administrative judge to
file his civil suit.  See Tex. Civ. Prac.
& Rem. Code Ann. § 11.103(a) (clerk may not file suit of vexatious litigant
subject to prefiling order unless litigant obtains
order from local administrative judge permitting filing).





[3]
In this
proceeding, relator also has filed a motion in which
he suggests the trial court lacks jurisdiction over the suit he filed in Hale
County because of the mandatory venue provision of § 15.019 of the Civil
Practice and Remedies Code.  Tex. Civ. Prac. &
Rem. Code Ann. § 15.019 (West 2009). 
Relator is incarcerated in Potter County. A court does not lack
jurisdiction merely because it is an improper venue under the mandatory venue
provision of § 15.019 of the Civil Practice and Remedies Code. 
Scott v.
Gallagher, 209
S.W.3d 262, 264 (Tex.App.--Houston [1st Dist.] 2006,
no pet.); In re Johnson,
12-07-00032-CV, 2007 Tex. App. LEXIS 673 (Tex. App.--Tyler Jan. 31, 2007, orig.
proceeding) (mem. op). If a cause of action
is a statutory cause of action, as opposed to a constitutional or common law
cause of action, and the statute provides that suit must be prosecuted in the
courts of a single county, such provisions have been said to be
jurisdictional.  See State
v. Benavides, 772 S.W.2d 271, 273 (Tex.App.—Corpus
Christi 1989, writ denied) (so holding and citing cases). Having no trial court pleadings before us, we are not in
a position to consider whether relator’s underlying
suit implicates the doctrine discussed in Benavides, 772 S.W.2d at 273. 
Because the record before us is inadequate and because of the procedural
posture of the case in the trial court, we decline to address relator’s motion further. 
Accordingly, relator’s motion is dismissed.