**Affirmed and Memorandum Opinion filed November 29, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-01143-CV

**CHRISTOPHER MEULLION, Appellant**

**V.**

**GREG GLADDEN, Appellee**

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2006-41963**

## M E M O R A N D U M   O P I N I O N

This appeal arises from the trial court's dismissal of inmate Christopher Meullion's *pro se* and *in forma pauperis* suit against attorney Greg Gladden for alleged fraud, breach of fiduciary duty, breach of contract, and a Deceptive Trade Practices Act (DTPA) violation. Meullion's claims relate to Gladden's preparation of a draft application for writ of habeas corpus challenging Meullion's 1997 capital murder conviction. We affirm.

### BACKGROUND

Meullion was convicted in 1997 of capital murder and sentenced to life

imprisonment. Meullion filed a direct appeal, and this court affirmed his conviction in *Meullion v. State*, No. 14-97-00993-CR, 1999 WL 1189219 (Tex. App.—Houston [14th Dist.] Dec. 16, 1999, pet. ref'd) (not designated for publication). The Court of Criminal Appeals refused Meullion's petition for discretionary review in 2000.

In 2003, Meullion's mother paid Gladden $10,000 to prepare Meullion's application for writ of habeas corpus challenging the 1997 conviction. Meullion alleges that Gladden promised to obtain habeas relief by proving that Meullion "was not the shooter" in the murder, and that one of Meullion's co-conspirators at the scene must have committed the crime. Meullion alleges that Gladden ultimately abandoned such an argument, and that Gladden only raised issues in his draft application that already had been considered and rejected on direct appeal. Gladden argues that he never promised to obtain relief by proving that Meullion "was not the shooter," and asserts that such an argument would not have entitled Meullion to relief because his conviction could be upheld based on party liability.[1] Gladden argues, and Meullion does not dispute, that Gladden did not file the draft application pursuant to Meullion's wishes.

Meullion sued Gladden, alleging that Gladden's promise to obtain relief by proving that Meullion "was not the shooter" was a misrepresentation used to fraudulently obtain the $10,000 fee. Meullion also claims that Gladden's failure to make such an argument in Meullion's application for writ of habeas corpus constituted a breach of fiduciary duty and contract, as well as a DTPA violation.[2] Meullion alleges that as a

---

[1] Meullion alleges in his petition that Gladden should have known that the identity of the shooter "would make no difference" because Meullion could be charged as a party to the murder. Meullion alternatively alleges in his petition that he "was never charged under law of parties" and that Gladden should have made the promised argument because Meullion's conviction could not be upheld based on party liability.

[2] Meullion's petition also included a "causes of action" paragraph that alleges violations of professional conduct rules. Meullion does not contend on appeal that the alleged violations can serve as the basis of claims for breach of fiduciary duty, breach of contract, and DTPA violations. Nor does he argue on appeal that that the trial court erroneously dismissed his "causes of action" predicated on these alleged violations. *See* Tex. Disciplinary R. Prof'l Conduct Preamble: Scope ¶ 15, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9) ("Violation of a rule does not give rise to a cause of action nor does it create any presumption that a legal duty to a client has been breached.").

2

result of Gladden's actions, Meullion "does not have another $10,000 to pay another attorney to assist him in obtaining his freedom."

Gladden filed a motion to dismiss, arguing that Meullion's theories of recovery all are essentially claims of professional negligence, which he argued "are barred for lack of causation." Gladden more specifically argued at the hearing on his motion that under *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995), and *Nabors v. McColl*, No. 05-08-01491-CV, 2010 WL 255968 (Tex. App.—Dallas Jan. 25, 2010, pet. denied) (mem. op.), Meullion's causes of action cannot be raised because the "sole proximate cause" of Meullion's injury is Meullion's criminal activity that resulted in his conviction. After considering the pleadings and arguments of counsel, the trial court granted the motion to dismiss all of Meullion's claims on October 27, 2010.

Meullion appeals, arguing in two issues that the *Peeler* "sole proximate cause bar" does not apply to his case because (1) the bar applies to actions against a defendant's trial counsel or counsel on direct appeal, and Gladden was not "connected to the conviction nor was he the attorney on direct appeal"; and (2) the bar applies only to professional negligence claims, and Meullion does not raise, and none of his causes of action are subsumed into, such a claim.

ANALYSIS

## I.    Standard of Review

We review the trial court's order under standards applicable to a dismissal of inmate litigation under Texas Civil Practice and Remedies Code Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) (West 2002). Chapter 14 applies "only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." *Id*. § 14.002(a) (West 2002). Meullion has made such a filing in this case.

The trial court may dismiss an inmate's claim under Chapter 14, either before or after service of process, if it finds the claim to be "frivolous or malicious." *Id*. §

3

14.003(a)(2). A claim is frivolous or malicious under Chapter 14 if, among other reasons, it has no basis in law or fact. *Id.* §14.003(b)(2); *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A claim has no arguable basis in law if it relies on an "indisputably meritless legal theory." *Id.*

A trial court ordinarily has "broad discretion" to dismiss an inmate's suit if it finds the claim to be frivolous or malicious. *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no pet.). However, we review *de novo* a trial court's dismissal based on a conclusion that the claim has "no arguable basis in law." *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("[W]e review, *de novo*, the legal question of whether the trial court properly concluded that appellant had no arguable basis in law for maintaining his suit."); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (noting that we review *de novo* issue of whether "claim is legally cognizable," as is relevant to dismissal under Chapter 14). "In conducting our review, we take as true the allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied); *see also Scott*, 209 S.W.3d at 266–67.

With these standards in mind, we turn to each of Meullion's issues.

## II. Representation in Connection with Application for Habeas Relief

Meullion argues in his first issue that the trial court's dismissal order is error because the *Peeler* "sole proximate cause bar" applies to actions against a defendant's trial counsel or counsel on direct appeal, and Gladden was not "connected to the conviction nor was he the attorney on direct appeal."

4

Under *Peeler*, a plaintiff who has not been exonerated of her crime cannot recover from her defense attorney for certain legal malpractice claims because the plaintiff's own conduct is the "sole cause of the plaintiff's indictment and conviction." *Peeler*, 909 S.W.2d at 497–98. Before Peeler's trial for a federal crime, her trial counsel failed to inform her of an offer of transactional immunity made by the prosecution. *Id*. at 496. Unaware of the offer, Peeler pleaded guilty and was convicted. *Id*. Peeler subsequently filed a malpractice action against her trial counsel. *Id*. The Texas Supreme Court affirmed the trial court's summary judgment in favor of trial counsel and stated that "it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of injuries flowing from the conviction." *Id*. at 498. The court held that Peeler's claims for professional negligence and DTPA violations were barred as a matter of law because Peeler had not been exonerated and therefore could not prove that trial counsel's alleged malpractice "in connection with [her] conviction" proximately caused her injuries. *Id*. To allow such claims absent exoneration would "impermissibly shift[] responsibility for the crime away from the convict." *Id*.

Meullion argues that his claims are not precluded under *Peeler* because Gladden was not "connected to the conviction" as trial counsel, "nor was he the attorney on direct appeal." The Ninth Court of Appeals considered and rejected an identical argument in *Falby v. Percely*, No. 09-04-422-CV, 2005 WL 1038776, at *2 (Tex. App.—Beaumont May 5, 2005, no pet.) (mem. op.). Inmate Falby argued that *Peeler* did not apply to bar his civil claims against his attorney Percely because "Percely did not represent him in the criminal proceeding, and there is no claim for malpractice or a DTPA violation in relation to that conviction." *Id*. Falby argued that his suit was not "a 'calculated attack' on his conviction," and that "[i]nstead, Falby maintains he is suing Percely for failing to file a post-conviction [application for] writ [of habeas corpus], and Percely's inaction [in failing to file the application as promised] is the 'sole proximate and producing cause of [Falby's] damages.'" *Id*. The court held: "[T]he gravamen of [Falby's] complaint is that he has lost the ability to challenge his conviction through a federal post-conviction writ of

habeas corpus because of Percely's negligence . . . . The habeas corpus application . . . relates to and flows from the conviction." *Id.*

Other courts have similarly declined to distinguish between the application of *Peeler* to suits against a convict's trial counsel, counsel on direct appeal, or counsel retained in connection with seeking habeas or other post-conviction relief. *See, e.g.*, *Martin v. Sicola*, No 03-09-00453-CV, 2010 WL 4909987, at *3 (Tex. App.—Austin Dec. 1, 2010, no pet.) (mem. op.) (although Martin's appellate lawyer Sicola did not "cause[] his indictment" but merely "hindered his ability 'to attack [his] conviction,'" any alleged malpractice in representing Martin on direct appeal "relate[d] to and flow[ed] from the conviction itself"); *Nabors*, 2010 WL 255968, at *1–2 (holding that suit regarding attorney's alleged negligence, which affected client's post-conviction relief related to early release program, was barred by *Peeler* because client had not been exonerated); *Butler v. Mason*, No. 11-05-00273-CV, 2006 WL 3747181, at *1–2 (Tex. App.—Eastland Dec. 21, 2006, pet. denied) (per curiam) (applying *Peeler* to bar Butler's claims because his own criminal actions, not attorney Mason's "alleged misbehavior in the handling of the applications for writs of habeas corpus," were the cause of Butler's injuries).

We agree with and adopt the reasoning in *Falby* to conclude that Meullion's claims concern the quality of legal counsel retained "in connection with" Meullion's conviction, and Meullion's illegal conduct is the only cause in fact of any injuries "flowing from the conviction." *See Peeler*, 909 S.W.2d at 498. We overrule Meullion's first issue.

## III.    "Subsumed" Claims

Meullion argues in his second issue that the *Peeler* "sole proximate cause bar" does not apply to his case because the bar applies only to professional negligence claims, and Meullion does not raise, and none of his causes of action are subsumed into, such a

6

claim.[3]

Determining whether allegations against a lawyer—labeled as breach of fiduciary duty, fraud, or some other cause of action—are actually claims for professional negligence is a question of law to be determined by the court. *Duerr v. Brown*, 262 S.W.3d 63, 70 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Murphy v. Gruber*, 241 S.W.3d 689, 692 (Tex. App.—Dallas 2007, pet. denied), and *Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)). Parties are prohibited from fracturing a professional negligence claim into multiple causes of action, but this prohibition does not necessarily foreclose the simultaneous pursuit of a negligence-based malpractice claim and a separate breach of fiduciary duty or fraud claim when there is a viable basis for doing so. *Id.* But to do so, "the plaintiff must do more than merely reassert the same claim . . . under an alternative label." *Id.* We are not bound by the labels the parties place on their claims. *Murphy*, 241 S.W.3d at 697.

The central complaint in Meullion's petition is that Gladden promised to draft an application that would obtain habeas relief for Meullion, but that he instead drafted an application that Meullion alleges Gladden "knew would fail." This is essentially a claim for professional negligence. *See, e.g.*, *Duerr*, 262 S.W.3d at 74 (plaintiff did not "state a separate breach of fiduciary duty claim based on the failure to deliver a promised level of recovery because that failure is attributed to mishandling of Duerr's claims within the class settlement structure"); *Murphy*, 241 S.W.3d at 692–93 (giving erroneous legal opinion or advice, delaying or failing to handle a matter, or not using ordinary care in preparing, managing, and prosecuting a case constitutes legal malpractice); *Goffney v. Rabson*, 56 S.W.3d 186, 193–94 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (allegations that attorney abandoned client at trial, did not properly prepare lawsuit for

---

[3] Meullion actually argues that the alleged DTPA violation also cannot be subsumed into a claim for professional negligence. Because *Peeler* directly applies to DTPA violations as well as to claims for professional negligence, we only address Meullion's argument as it relates to his non-DTPA-related claims. *See Peeler*, 909 S.W.2d at 498.

trial, and misled client into believing attorney was prepared for trial were claims for legal malpractice).  We conclude that Meullion's claims for alleged fraud, breach of fiduciary duty, and breach of contract are merely relabeled claims for professional negligence because they assail the adequacy of Gladden's performance in connection with the preparation of the application for writ of habeas corpus.  *See Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 428 (Tex. App.—Austin 2009, no pet.) ("[A]s long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for professional negligence."); *Duerr*, 262 S.W.3d at 70.

Accordingly, the trial court properly dismissed all of Meullion's claims against Gladden under Chapter 14 because all the claims are barred as a matter of law under *Peeler*.  *Scott*, 209 S.W.3d at 266 (claim has no arguable basis in law under Chapter 14 if it is an "indisputably meritless legal theory").  We overrule Meuillion's second issue.

### CONCLUSION

Having overruled both Meullion's issues on appeal, we affirm the judgment of the trial court.


/s/     Sharon McCally
           Justice


Panel consists of Justices Brown, Boyce, and McCally.