**Opinion issued June 16, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-20-00664-CV**

_____

**TERAN GONZALEZ, Appellant**

**V.**

**ANTHONY MYLES, JANET HARRY-DOBBINS, & JOHNNAY JACKSON,
Appellees**

---

**On Appeal from the 506th District Court
Grimes County, Texas
Trial Court Case No. 35095**

---

**MEMORANDUM OPINION**

Appellant Teran Gonzalez appeals the trial court's dismissal of his suit against

appellees Sgt. Anthony Myles, Assistant Warden Janet Harry-Dobbins, and Property

Officer Johnnay Jackson. The appellees were employed with the Texas Department

of Criminal Justice ("TDCJ") at the time Gonzalez filed his suit.

On appeal, Gonzalez contends that (1) the trial court erred when it dismissed his suit without giving him the opportunity to amend his petition and (2) the trial court erred when it dismissed Gonzalez's claims as frivolous. We affirm the trial court's judgment.

## Background

At the time he filed suit, Gonzalez was incarcerated in the TDCJ's Luther Unit in Navasota, Texas. In his original petition, Gonzalez alleged that Sgt. Myles removed his personal property, namely a watch, from his prison cell. Gonzalez alleged that Sgt. Myles's actions constituted conversion and theft of personal property. He alleged that Sgt. Myles, along with Property Officer Jackson and Assistant Warden Harry-Dobbins conspired to convert the watch for Sgt. Myles's use by failing to secure the property and denying his related grievance. Gonzalez sued the appellees for conversion as well as for theft under the Texas Theft Liability Act.[1] He sought compensatory and punitive damages and declaratory relief.

The district court requested that the Attorney General's Office review the pleadings, affidavits, and exhibits for compliance with Chapter 14 of the Texas Civil Practice and Remedies Code and file an amicus brief advising the court whether Gonzalez had satisfied all statutory requirements. The amicus filing recommended dismissing Gonzalez's suit. The filing stated that Gonzalez had failed to timely file

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE §§ 134.001–.005.

2

his lawsuit, that his claims were frivolous or malicious, and that he had failed to state a claim upon which relief could be granted. A copy of the amicus filing was mailed to Gonzalez. The trial court, without conducting a hearing, dismissed Gonzalez's claims with prejudice for failure to comply with Chapter 14 and because they were frivolous. Gonzalez appeals.

**Dismissal**

Gonzalez argues that the trial court abused its discretion in dismissing his claims without first permitting him to amend his petition. He also argues that the trial court erred in dismissing his claims as frivolous. We disagree.

**A.    Standard of Review and Applicable Law**

Chapter 14 of the Texas Civil Practice and Remedies Code ("Chapter 14") governs civil suits, other than suits brought under the Texas Family Code, filed by inmates in which the inmate claims indigence by filing an affidavit or unsworn declaration of the inability to pay court costs. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.001–.014; *see also Burleson v. Tex. Dep't of Crim. Justice*, No. 01-17-00565-CV, 2018 WL 5289140, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2018, no pet.) (mem. op.). Chapter 14 applies to Gonzalez's suit because he is a pro se inmate and has filed a declaration of his inability to pay the required court costs. Accordingly, his suit must comply with the requirements of Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE § 14.002.

Section 14.005 establishes requirements for an inmate who files a claim that is subject to the inmate grievance system. TEX. CIV. PRAC. & REM. CODE § 14.005; TEX. GOV'T CODE § 501.008 (establishing inmate grievance system). Section 14.005(b) requires the trial court to dismiss a claim under Chapter 14 if the inmate fails to file it before the 31st day after the date the inmate receives the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE § 14.005(b). A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice. *Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Additionally, a trial court may dismiss an inmate's suit under Chapter 14 if it is frivolous, considering whether, inter alia, it has no arguable basis in law or in fact. TEX. CIV. PRAC. & REM. CODE at § 14.003(a)(2), (b)(2). A claim has no arguable basis in law if it relies upon an "indisputably meritless legal theory." *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

We typically review a trial court's dismissal of an inmate's suit under Chapter 14 for an abuse of discretion. *Burleson*, 2018 WL 5289140 at *1. But when an inmate's suit is dismissed as frivolous for having no basis in law or in fact, but no evidentiary hearing is held, our review focuses on whether the inmate's lawsuit has

4

an arguable basis in law. *Id.*; *see also Scott*, 209 S.W.3d at 266. Although a Chapter 14 dismissal is reviewed under an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal question that we review de novo. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). We will affirm the dismissal if it was proper under any legal theory. *Burleson*, 2018 WL 5289140 at *1.

In conducting our review, we take as true the factual allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *See Scott*, 209 S.W.3d at 266–67. When as here a trial court does not issue findings of fact and conclusions of law, we imply all findings supported by the record and necessary to support the judgment. *Burleson*, 2018 WL 5289140, at *2.

**B.** **The trial court did not err by dismissing the suit because Gonzalez did not timely file it.**

Gonzalez asserts that the trial court erred in dismissing his suit as untimely without providing an opportunity to amend his petition. We disagree.

Gonzalez filed duplicative grievances regarding the taking of his property. He filed his first Step 1 grievance seeking the return of the watch on May 14, 2019. The Step 1 response was that the watch was confiscated and a review of TDCJ files showed that Gonzalez never owned a watch. The grievance concluded, "Therefore

5

Sgt. Myles followed policy and procedure." Gonzalez filed a Step 2 grievance which affirmed the findings of the Step 1 grievance, stating: "There was no evidence found that the watch confiscated by staff belong[ed] [sic] to [Gonzalez]. No policy violations were noted."

Gonzalez received a final, written grievance decision on his Step 2 grievance around December 16, 2019. On appeal, Gonzalez acknowledges that the grievance form is dated December 16, 2019, but he argues that he did not actually receive the decision until March 18, 2020. Gonzalez contends that another Step 2 grievance decision signed on February 5, 2020, which was duplicative of the December grievance, is proof that he received the December decision late. The February 5, 2020 Step 2 decision states that there was no evidence that a policy was violated and that no further action was warranted.

The record does not support Gonzalez's assertion that he did not receive his grievance decision in December 2019 or that he received it on March 18, 2020. Nothing in the February 5, 2020 decision speaks to the lateness of the December 16, 2019 grievance decision. The only date in the record with which to calculate Gonzalez's filing deadline is the December 16, 2019 grievance decision. Gonzalez filed suit in the trial court on April 15, 2020. Gonzalez did not timely file his suit, and the trial court was required to dismiss it. TEX. CIV. PRAC. & REM. CODE § 14.005(b).

6

The record supports that Gonzalez's Step 2 decision was made on December 16, 2019, but even if the trial court had used the February 5, 2020 grievance decision to calculate Gonzalez's filing deadline, Gonzalez still filed his suit more than 31 days after he received the decision, and according to Chapter 14, the trial court was required to dismiss the suit. *Id.* The trial court did not err by dismissing his suit because it was not timely filed. *Id.*

**C.    The trial court did not err by dismissing Gonzalez's claims as frivolous.**

Even if an inmate satisfies the necessary filing requirements under Chapter 14, the trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious. TEX. CIV. PRAC. & REM. CODE § 14.003(a)(2); *Comeaux v. Tex. Dep't of Crim. Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). In determining whether a claim is frivolous or malicious, the court considers whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE § 14.003(b). A claim lacks an arguable basis in law if the claim is based on a meritless legal theory, or if the inmate failed to exhaust his administrative remedies. *Burleson*, 2018 WL 5289140 at *3. A trial court may rely on Chapter 14, specifically section 14.003(b)(1), to dismiss an inmate's claim if the

7

petition alleges facts showing that sovereign immunity would, in all likelihood, bar the inmate's claim. *Lopez v. Serna*, 414 S.W.3d 890, 895 (Tex. App.—San Antonio 2013, no pet.) (citing TEX. CIV. PRAC. & REM. CODE § 14.003).

Gonzalez's claims against the appellees are based on the allegation that the appellees took his personal property, namely his watch. Section 101.106(f) of the Texas Tort Claims Act provides that when a suit is filed against a governmental employee that is based upon conduct within the general scope of the employee's employment and the same suit could have been brought against the governmental unit, the suit is held to be against the employee in his official capacity only. TEX. CIV. PRAC. & REM. CODE § 101.106(f). In other words, a suit is completely foreclosed against a government employee when sued in his individual capacity if he is acting within the scope of his employment. *See Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). In *Franka*, the court held that a case is considered against an employee within his official capacity if: (1) the defendant was an employee of a governmental unit; (2) the defendant was acting within the general scope of his employment; and (3) the suit could have been brought under the Tort Claims Act against the agency. *See id.* at 369.

Gonzalez does not dispute, and it is clear from the record, that each of the appellees was an employee of a governmental unit. *Lopez*, 414 S.W.3d at 894. As to the second *Franka* prong, the Texas Tort Claims Act defines scope of employment

8

as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5). Scope of employment "extends to job duties to which the official has been assigned, even if the official errs in completing the task." *Lopez*, 414 S.W.3d at 894. Gonzalez admits that Sgt. Myles took the property because ownership was in question. It is well within a correctional officer's scope of employment to confiscate inmate property. *Id.*; *see also Zavala v. Boliva*, No. 13-18-00197-CV, 2019 WL 3023324, at *3 (Tex. App.—Corpus Christi-Edinburg, Jul. 11, 2019, no pet.) (mem. op.) (TDCJ employee's job duties include confiscating property). Gonzalez received a form citing the reasons for confiscating his property. It is clear from the record that the appellees were acting within the scope of their employment while confiscating the watch. The third *Franka* prong is also satisfied because a suit against a state employee that alleges wrongful conduct in the scope of employment could have been brought against the state agency. *Lopez*, 414 S.W.3d at 895 (citing *Franka*, 332 S.W.3d at 381). The appellees would have been able to have the case dismissed and have Gonzalez name TDCJ as the sole defendant. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f). In addition, both of Gonzalez's claims against the TDCJ, if named as a party, would be barred by sovereign immunity because "there is no waiver of immunity under the Texas Theft Liability Act, and the Texas Tort Claims

9

Act expressly does not waive immunity for intentional torts." *Lopez*, 414 S.W.3d at 896.

In summary, the appellees were acting within the scope of their employment, meaning that any suit against them in their individual capacities is barred. *See Franka*, 332 S.W.3d at 381. Under section 101.106(f), because the appellees were sued in their official capacities, the proper defendant for the case is TDCJ, but the claims against TDCJ would be barred by sovereign immunity. *See Lopez*, 414 S.W.3d at 896. Thus, the trial court did not abuse its discretion in dismissing Gonzalez's claims because they have no basis in law, and it was proper to dismiss his suit with prejudice. TEX. CIV. PRAC. & REM. CODE § 14.003(b).

## Conclusion

We affirm the trial court's judgment.


Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Farris.