Lawrence R. ANDERSON, Appellant,

v.

TAYLOR PUBLISHING COMPANY, Appellee.

No. 05–99–00184–CV.

Court of Appeals of Texas, Dallas.

Jan. 4, 2000.

Laura Ellen Eardley, John E. Wall, Jr., Law Offices of John E. Wall, Jr., Dallas, for Appellant.

Dan Hartsfield, Samara L. Kline, Baker & Botts, L.L.P., Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and O'NEILL.

## OPINION

JOSEPH B. MORRIS, Justice.

In this age discrimination suit, Lawrence R. Anderson appeals a summary judgment in favor of Taylor Publishing Company. Anderson contends the trial court erred in granting the judgment because he presented evidence that raised genuine issues of material fact about the reason for his termination. We conclude Taylor presented sufficient evidence to show a legitimate, nondiscriminatory reason for discharging Anderson. We further conclude that Anderson failed to present any probative evidence showing that Taylor's proffered reason for Anderson's termination was a pretext and that the real reason for his termination was age discrimination. Accordingly, we affirm the trial court's judgment.

### I.

Taylor Publishing Company produces yearbooks and other printed materials at its operating facility in Dallas, Texas. Anderson began working at Taylor in 1958 and, since that time, has performed primarily maintenance duties as a camera and processor mechanic. Anderson testified that, in addition to his job as a camera and processor mechanic, he also performed a variety of other maintenance duties, including plumbing, equipment repair, environmental work, painting, and carpentry. These duties were performed generally while Anderson was working by himself on the night shift.

In the early 1990s, business at Taylor slowed, and the company's management began looking for ways to streamline its operations. In 1996, the company's management decided to reduce Taylor's work force by approximately twenty-five percent and asked individual department managers to decide which employees would be discharged. Curtis Pyle, head of the maintenance department, in consultation with Scott Latham, vice president of human resources, decided to dismiss five of the seventeen employees in the maintenance section. Among those chosen for dismissal was Anderson. In deciding who to dismiss, Pyle and Latham testified they examined the qualifications they believed each employee possessed and sought to retain those with a broad range of skills who could best adapt to the changing technological environment of the company. Because Pyle and Latham viewed Anderson as being skilled only as a camera and processor mechanic, and camera technology was becoming outdated in their business, Anderson was chosen for discharge.

Anderson brought this suit alleging the real reason Taylor discharged him was his age and that this act of discrimination violated the Texas Commission on Human Rights Act. Taylor moved for summary judgment on Anderson's claims under both rule 166a(c) of the Texas Rules of Civil Procedure, the traditional summary judgment rule, and rule 166a(i), the no-evidence summary judgment rule. In its motion, Taylor assumed—without conceding—that Anderson met his burden to establish a prima facie case of age discrimination. Taylor argued, however, that it had a legitimate, nondiscriminatory reason for discharging Anderson and Anderson could present no evidence to raise a fact issue with respect to the validity of that reason. The trial court granted Taylor's motion without stating whether it was doing so under rule 166a(c) or 166a(i). This appeal followed.

## II.

We first examine whether Taylor was entitled to summary judgment under the standards applicable to judgments granted under rule 166a(c). These standards are well established and place the burden of proof on the movant to show it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Howard v. INA County Mut. Ins. Co.,* 933 S.W.2d 212, 216 (Tex.App.-Dallas 1996, writ denied). Because the Texas Commission on Human Rights Act was drafted to "correlate state law with federal law in the area of discrimination in employment," Texas courts have looked to federal law in interpreting the Act. *See Gold v. Exxon Corp.,* 960 S.W.2d 378, 380 (Tex.App.-Houston [14th Dist.] 1998, no writ) (quoting *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991)).

In this case, because Taylor assumed for the purposes of argument that Anderson had shown a prima facie case of age discrimination, Taylor bore the burden of presenting sufficient summary judgment evidence to show it had a legitimate, non-discriminatory reason for discharging Anderson. *See Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957–58 (5th Cir. 1993). If Taylor did so, Anderson was then required to raise a question of material fact with respect to Taylor's proffered reason by producing evidence that the reason given was merely a pretext for age discrimination. *See id.* at 957.

In support of its motion for summary judgment, Taylor produced evidence to show Anderson was included in a company-wide reduction in work force based on management's perception that he lacked wide-ranging or valuable job skills. Taylor's summary judgment evidence included affidavits by the persons responsible for choosing Anderson to be among those discharged in the work force reduction. Taylor also presented deposition testimony, including statements by Anderson that his discharge was part of company-wide "layoffs." A reduction in work force has been held to constitute a legitimate, nondiscriminatory reason for discharge. *See id.; See also, Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 41 (5th Cir.1996). Accordingly, we conclude Taylor met its summary judgment burden to show that it had a legitimate, non-age related reason for terminating Anderson. The burden then shifted to Anderson to raise a material fact issue with respect to the reason for his discharge.

Anderson makes three distinct arguments to challenge Taylor's proffered reason for his discharge. In his first argument, Anderson alleges Taylor gave younger workers preferential treatment, thus demonstrating that Anderson's age was a motivating factor in his dismissal. Specifically, Anderson argues that younger workers were retained even though he was more qualified. Anderson further argues he was not encouraged to cross-train in different areas of the company in the same manner as younger workers.

To raise a genuine issue of material fact based on alleged preferential treatment of younger workers, a plaintiff must show that he was "clearly better qualified" than the younger employees who were retained. *Nichols,* 81 F.3d at 42. The evidence of relative qualifications must be more than merely subjective and speculative. *Id.* It must be specific and comparative in nature. *Id.; Bodenheimer,* 5 F.3d at 959. Furthermore, the evidence must demonstrate that the decision to retain a younger worker instead of an older one was more than a bad business decision. *Bodenheimer,* 5 F.3d at 959. The evidence must show a mistake of judgment large enough that one may wonder whether it was a mistake at all. *Amburgey v. Corhart Refractories Corp., Inc.,* 936 F.2d 805, 814 (5th Cir.1991).

On appeal, Anderson names three younger workers, Gilbert Wulff, Rodney Benjamin, and Wayne Wendt, as examples of Taylor's age-related preferen-

tial treatment. None of the three men was discharged in the work force reduction. Anderson's only evidence that he was more qualified than these workers is his own affidavit testimony. Anderson states generally in his affidavit that he was better qualified than Wulff to perform a wide range of maintenance jobs. This evidence is wholly conclusory and subjective and, therefore, insufficient to raise a fact issue. The only specific evidence Anderson sets forth of his allegedly superior qualifications is his longer tenure with the company, a disciplinary action taken against Wulff a year before the reduction in force, and statements that Wulff needed training to take over some of the work previously done by Anderson. As recognized by other courts, years of experience do not equate with qualifications. *See Nichols*, 81 F.3d at 42. Furthermore, disciplinary action taken against an employee sheds no light on his abilities. And the fact that Wulff needed training in the areas previously handled by Anderson does not conflict with the fact that Wulff was retained because he possessed skills more valuable to the company than Anderson's. Indeed, Taylor presented evidence that it retained Wulff because he was a licensed electrician, a skill with more application to the changing technology of the industry than knowledge of camera and processor repair.

■ There does not appear to be any dispute that Anderson was a more skilled worker than Rodney Benjamin. Benjamin was an apprentice, however, who performed unskilled labor at a substantially lower rate of pay than a tradesman such as Anderson. Anderson does not state that Benjamin was given his old job duties but, instead, appears to argue he could have performed Benjamin's job. The fact that Taylor chose to retain the lower-paid Benjamin over the higher-paid Anderson to perform unskilled labor is a matter of economics rather than age preference. Employment decisions made on the basis of salary are permissible. *See Armendáriz v.*

*Pinkerton Tobacco Co.*, 58 F.3d 144, 152 (5th Cir.1995).

Finally, Anderson's only testimony about his qualifications as compared to Wayne Wendt was that he had experience with the same environmental work Wendt performed. Anderson provides no evidence that he was more qualified, or even as qualified as Wendt, to perform this work. Although Anderson identifies younger employees retained by Taylor, we conclude he has not presented any probative evidence that these employees were retained over him based on age.

■ Anderson also claims that younger workers received preferential treatment in the area of "cross-training." Anderson's only evidence of differential treatment is his testimony that after he turned fifty-five years old, he received no encouragement to become involved in additional training programs while "younger employees were encouraged to do so." Anderson provides no evidence, however, that his opportunity to receive additional training was any different than those of younger employees. With no evidence of a more limited opportunity to cross-train, Anderson's failure to receive additional training cannot be blamed on any age discrimination by Taylor.

■ Anderson's second argument challenging Taylor's proffered reason for his termination is that the reduction in work force as a whole was age-based, resulting in the elimination of the older members of the company's work force. To support this contention, Anderson relies on testimony of a "general concern" being raised during an executive meeting about "the number of employees being terminated that had many, many years of service" with the company. For an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without inferences or presumptions that age was a factor in the decision to terminate the employee. *E.E.O.C. v.*

*Texas Instruments Inc.,* 100 F.3d 1173, 1181 (5th Cir.1996). Here, the discussion at the executive meeting was in reference to the terminated employees' tenure with the company rather than their age. *See Amburgey,* 936 F.2d at 813. To the extent the discussion could be said to relate to age, it could easily reflect the value the company placed on seniority and a concern over the loss of that value. The discussion involved only an indirect reference to age that was, at best, ambiguous and, therefore, not evidence of age discrimination.

■ Finally, in his third argument, Anderson points to discrepancies in the testimony of Taylor's employees, including Pyle and Latham, to demonstrate their lack of credibility. Anderson argues the inconsistencies are of such a magnitude that a jury could easily disregard all of Taylor's claims, including its claim that age was not a factor in the decision to terminate Anderson's employment. The topics about which there appears to be inconsistent testimony include: (1) who informed Pyle about the reduction in work force; (2) who prepared the initial list of employees to be terminated; (3) how many termination lists were created and by whom; (4) whether Latham took notes at a meeting in which the terminations were discussed; and (5) whether Pyle and Latham discussed the fact that Anderson's wife was ill in making their decision to terminate Anderson. While the testimony in these areas may be considered inconsistent, none of this information is material to the issue of age discrimination. The testimony about the need for the reduction in work force, the manner in which the employees were chosen for discharge, and the reason for Anderson's termination was entirely consistent.

■ Anderson notes that the testimony reveals the creation of several documents, including draft termination lists, that appear to have been disposed of or not otherwise produced. Anderson suggests Taylor's failure to produce this evidence creates a presumption that it is unfavorable to Taylor and raises a fact issue with respect to the reason for his termination. Presumptions arise from the nonproduction of evidence under two circumstances: the deliberate spoliation of relevant evidence and the failure of a party to produce relevant evidence or offer testimony to explain its non-production. *Wal–Mart Stores, Inc. v. Middleton,* 982 S.W.2d 468, 470–71 (Tex.App.-San Antonio 1998, pet. denied). Anderson presents no evidence or argument to show the documents at issue were intentionally destroyed or suppressed. Furthermore, Taylor employees testified they no longer possessed any termination lists other than those produced. Because there is no evidence of spoliation or an unexplained failure to produce relevant evidence, no presumption in favor of Anderson arises.

We have concluded Anderson's challenges to Taylor's proffered reason for his termination fail to raise a genuine issue of material fact either independently or cumulatively. *See Texas Instruments,* 100 F.3d at 1186–87 (evidence that does not imply pretext taken alone does not do so when cumulated). Accordingly, we conclude the trial court properly granted summary judgment in favor of Taylor under rule 166a(c) of the Texas Rules of Civil Procedure. We also conclude the summary judgment in favor of Taylor was proper under rule 166a(i). Anderson failed to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *See Zapata v. The Children's Clinic,* 997 S.W.2d 745, 747 (Tex.App.-Corpus Christi 1999, pet. filed).

We affirm the trial court's judgment.