**Opinion issued March 31, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00181-CV

————————————

**ARTIS CHARLES HARRELL, Appellant**

**V.**

**BRANCH JOHNSON BRINSON, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-31180A**

---

## MEMORANDUM OPINION

Artis Charles Harrell, pro se, challenges the trial court's judgment declaring him a vexatious litigant and dismissing his claims against Branch Johnson Brinson with prejudice. We affirm the trial court's judgment.

## Background

Harrell is an indigent inmate serving a 99-year sentence on a conviction for aggravated robbery.[1] In 2004, Harrell was leasing a suite at a hair salon from Brinson. After a break-in was reported in another suite at the salon, Brinson viewed the security video of the time of the break-in (around 1:00 a.m.) and observed that Harrell was the only person who was in and out of the building at that time.

Pursuant to a provision in Harrell's lease that authorized Brinson to enter the lessee's suite "for the purposes of inspection," Brinson entered Harrell's suite to look for the property that had been reported missing from the other tenants' suite. Brinson discovered what he believed to be the property stolen from the other tenants, but he also found credit cards, an identification card, and a wallet belonging to Monetta Burgess. Those items belonging to Burgess were turned over to police, and Harrell was charged with the aggravated robbery of Burgess. In 2005, he was convicted and sentenced to 99 years in prison.[2]

In 2006, Harrell sued Brinson and alleged that Brinson had wrongfully terminated his lease at the hair salon, unlawfully entered Harrell's suite, and

---

[1] *See Harrell v. State*, No. 14-05-00753-CR, 2006 WL 1140418, at *1 (Tex. App.—Houston [14th Dist.] Apr. 27, 2006, pet. ref'd) (mem. op., not designated for publication).

[2] *See id.*

removed items that did not belong to him without Harrell's permission (the 2006 lawsuit). After he began his prison sentence for the aggravated robbery, Harrell's claims against two of the defendants in the 2006 lawsuit were dismissed for want of prosecution, and his claims against Brinson were defeated on summary judgment.

Harrell filed a direct appeal, which was dismissed for nonpayment of fees,[3] a second attempt at appeal through a restricted appeal, which was dismissed for lack of jurisdiction,[4] and two petitions for writ of mandamus, which were both denied.[5] In 2015, Harrell filed a bill of review, seeking to vacate the dismissal for want of prosecution entered in the 2006 lawsuit and to reopen the 2006 lawsuit for a new trial.[6] Harrell's 2015 lawsuit was dismissed on summary judgment. Harrell did not appeal that ruling.

In May 2021, Harrell filed the current lawsuit against Brinson and Catherine Evans—the Assistant District Attorney who prosecuted Harrell in 2005 for

---

[3] *See Harrell v. Brinson*, No. 01-13-00313-CV, 2013 WL 3523775, at *1 (Tex. App.—Houston [1st Dist.] July 11, 2013, no pet.) (mem. op.).

[4] *See Harrell v. Brinson*, No. 01-13-00786-CV, 2013 WL 6506511, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 10, 2013, pet. denied) (mem. op.).

[5] *See In re Harrell*, No. 01-13-00517-CV, 2014 WL 866044, at *1 (Tex. App.—Houston [1st Dist.] Mar. 4, 2014, orig. proceeding) (mem. op.); *In re Harrell*, No. 01-13-00535-CV, 2014 WL 866062, at *1 (Tex. App.—Houston [1st Dist.] Mar. 4, 2014, orig. proceeding) (mem. op.).

[6] *See Harrell v. Brinson*, Cause No. 2015-49280, 189th District Court of Harris County, Texas.

aggravated robbery—for fraud and conspiracy to commit fraud.[7]  Harrell alleged that Brinson had provided false testimony against him at the July 2005 suppression hearing in the aggravated-robbery case.  Harrell also alleged that Brinson had conspired with Evans to present this false testimony.

Brinson answered and moved to designate Harrell as a vexatious litigant under Texas Civil Practice and Remedies Code section 11.051.  Brinson argued that Harrell had previously litigated the same or similar claims in the 2006 lawsuit, and, after those claims were disposed of on summary judgment in favor of Brinson, Harrell had attempted to raise these same claims again in 2015.  Brinson also moved to dismiss Harrell's claims against him in their entirety.

The trial court conducted a hearing on Brinson's motion to designate Harrell as a vexatious litigant and to dismiss his claims.  Following the hearing, the trial court entered an order designating Harrell a vexatious litigant and dismissing Harrell's claims against Brinson with prejudice.

Harrell appealed from this order, but we dismissed Harrell's first appeal for lack of a final appealable order because some claims remained pending against Evans.[8]  Thereafter, Brinson moved to sever Harrell's claims against him from the

---

[7]    Harrell also alleged that Evans violated his civil rights under 42 U.S.C. section 1983.

[8]    *See Harrell v. Evans*, No. 01-21-00666-CV, 2023 WL 3634318, at *3–5 (Tex. App.—Houston [1st Dist.] May 25, 2023, no pet.) (mem. op.).

4

case against Evans. The trial court granted the motion for severance and severed Harrell's claims against Brinson into a new cause number so that the previous dismissal with prejudice of Harrell's claims against Brinson became a final judgment. This appeal followed.[9]

[9] Although not raised by either party, we must consider whether Harrell timely filed his notice of appeal. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). The trial court's order for severance was dated November 7, 2023. Harrell filed a motion for new trial on November 27, 2023, which extended Harrell's deadline to file his notice of appeal to February 5, 2024. *See* TEX. R. APP. P. 26.1(a)(1). The time to file a notice of appeal may be further extended if the party files a motion for extension within 15 days after the deadline for filing the notice of appeal—which, here, would be February 20, 2024. *Id.* 26.3, 10.5(b). We did not receive Harrell's notice of appeal, dated February 21, 2024, until February 29, 2024. But under the prisoner mailbox rule, an incarcerated pro se litigant's legal instruments are deemed filed "at the time the prison authorities duly receive the document to be mailed." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (per curiam). An inmate has the burden of providing "some measure of proof" regarding the date that he turned his pleading over to prison authorities for mailing. *See Ramos v. Richardson*, 228 S.W.3d 671, 673–74 (Tex. 2007) (accepting as sufficient proof of timeliness of notice of appeal appellant's statements as to date he gave his documents to prison authorities to be mailed that he included in filing letter and certificate of service accompanying his notice of appeal).

In a letter to the Harris County District Clerk accompanying Harrell's February 21 notice of appeal, Harrell states that he previously filed his notice of appeal on December 19, 2023 "by placing the same in the prison mailbox." He explained that he made several calls to the Harris County District Clerk's office to check to see what date the clerk's office received his notice of appeal, but "each time [he] called [he] was told that this office ha[d] not received said filing." Therefore, he stated he was refiling his notice of appeal on February 21. The February 21 notice of appeal also includes an unsworn declaration of inability to pay costs on appeal, which was signed by Harrell on December 19, 2023. Accordingly, we consider this evidence sufficient to satisfy Harrell's burden to provide some measure of proof that his notice of appeal was turned over to prison authorities for mailing on or before February 5, 2024. *See id.* at 674 ("[A]n inmate who does everything necessary to satisfy timeliness requirements must not be penalized if the document is ultimately

**Vexatious Litigant**

In his first and third issues, Harrell argues that the trial court abused its discretion in declaring him a vexatious litigant because Brinson did not prove that there is no reasonable probability that Harrell would prevail in this litigation or that Harrell was attempting to relitigate claims that have already been determined. We disagree.

## A. Standard of Review

Texas Civil Practice and Remedies Code chapter 11 concerns suits brought by vexatious litigants. TEX. CIV. PRAC. & REM. CODE §§ 11.001–11.104. We review a trial court's declaration of a vexatious litigant under an abuse-of-discretion standard. *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The test for an abuse of discretion is whether the court acted arbitrarily or unreasonably and without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B. Section 11.054 – Criteria for Finding Plaintiff to be a Vexatious Litigant

The vexatious-litigant statute provides that, on or before the 90th day after the date that a defendant files an original answer, the defendant may move the court for an order that determines whether the plaintiff is a vexatious litigant and that requests

---

filed tardily because of an error on the part of officials over whom the inmate has no control."). Therefore, we conclude Harrell timely filed his notice of appeal.

6

that the court require the plaintiff to furnish security during the pendency of his suit. *See* TEX. CIV. PRAC. & REM. CODE § 11.051. This filing stays the litigation until the court rules on the merits of the motion. *See id.* § 11.052(b). The statute requires the court to conduct a hearing to determine whether to grant the motion. *See id.* § 11.053.

A trial court has authority to declare a litigant vexatious pursuant to section 11.054, which states:

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
> > (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:
> >
> > > (A) finally determined adversely to the plaintiff;
> > >
> > > (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
> > >
> > > (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;
> >
> > (2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:
> >
> > > (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

*Id.* § 11.054.

Thus, the defendant must prove one of the three grounds above, in addition to proving that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant, before a trial court can declare a plaintiff a vexatious litigant. *See id.* § 11.054(1)-(3).

## C.     Analysis

In his vexatious-litigant motion, citing subsection 11.054(2), Brinson argued that Harrell should be designated a vexatious litigant because he has continued to relitigate the same causes of action against the same defendants since 2006. Brinson also contended that Harrell's fraud and conspiracy claims are barred by the statute of limitations—thus, there is not a reasonable probability that he will be successful on his claims. We consider each in turn.

### 1.     Did Brinson show that Harrell is attempting to relitigate an issue that has been finally determined against him in a prior litigation?

In support of his motion, Brinson attached several pieces of evidence, including Harrell's original petition and Brinson's motion for summary judgment in

the 2006 lawsuit, as well as opinions from this Court dismissing Harrell's various attempts to appeal the resolution of the 2006 lawsuit.

In the 2006 petition, Harrell alleged that Brinson "unlawfully entered [Harrell's] premises under false pretense of doing an inspection" and that Brinson "admitted he removed items not belonging to him and for no other reason but to be an instrument for the police." Harrell alleged that Brinson "testified under oath" that he went into Harrell's "business to look for property that belong[ed] to another tenant, using the lease as a ruse and a ploy to gain access to [Harrell's] premises." Harrell also alleged that "[u]nder no circumstances [is] the landlord to remove property from a tenant's premises without first notifying the tenant" and that "[a] landlord is guilty of conversion when he removes or appropriate[s] property without the tenant's consent."

In connection with these allegations, Harrell brought several causes of action against Brinson, including one for malicious prosecution. In Brinson's motion for summary judgment, he specifically challenged Harrell's evidence of the elements of his malicious-prosecution claim. As relevant here, Brinson argued that Harrell could present no evidence that criminal proceedings were terminated in Harrell's favor or that he was "affirmatively innocent of the charges in question."[10] To the contrary,

---

[10] A plaintiff in a criminal–malicious-prosecution claim must establish: (1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the

9

Brinson argued, Harrell was convicted and sentenced to 99 years in prison. In its final judgment, a copy of which Brinson attached to his vexatious-litigant motion, the trial court "sustained in its entirety" Brinson's motion for summary judgment and ordered that Harrell take nothing on his claims against Brinson.

The current lawsuit stems from the same set of underlying facts as the 2006 lawsuit—Brinson's discovery of stolen items in Harrell's workspace. But Harrell argues that his allegations here are focused only on Brinson's allegedly false testimony at the suppression hearing during Harrell's 2005 criminal trial for the aggravated robbery of Burgess and are not related to the "breach of contract related to a lease agreement" at issue in the 2006 lawsuit. Specifically, Harrell alleges in the current lawsuit that Brinson falsely testified that he "allowed law enforcement to enter . . . Harrell's commercial leased premises on February 9, 2004" and that law enforcement entered Harrell's leased premises on that date and "recovered . . . stolen property." Harrell alleges that the offense report contradicts this testimony and clearly demonstrates that "law enforcement had obtained [the] stolen property *from . . . Brinson . . .* and not from Mr. Harrell's commercial leased premises." (Emphasis

---

prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).

added).  Harrell also alleges that Brinson and Evans conspired to commit fraud by presenting this allegedly false testimony.

In addition to these allegations, Harrell also included interrogatories to Brinson in his petition, including asking Brinson why he was "not arrested for being in possession of recently stolen property" and asking Brinson to confirm that "law enforcement had recovered Ms. Monetta Burgess's stolen credit cards, ID, and wallet" from Brinson.  Harrell also included interrogatories to Evans, asking whether there was any evidence, other than Brinson's testimony, that law enforcement had recovered Burgess's stolen property from Harrell's leased premises or that Brinson had found Burgess's stolen property in Harrell's leased premises.

And Harrell argued at the hearing on Brinson's vexatious-litigant motion that the "police never got any property from my premises.  Brinson falsely told this story at the hearing."  He further argued that "the police did not go in" to his suite but rather got Burgess's property from Brinson.  When asked by the trial court how Brinson got Burgess's property, Harrell responded that he did not know but that it did not come from him.

Thus, in light of the above, it is clear that the crux of Harrell's current lawsuit is that *Brinson* was in possession of Burgess's stolen property, not Harrell, and that Brinson therefore testified falsely at Harrell's criminal trial when he stated that law enforcement recovered Burgess's stolen property directly from Harrell's workspace.

11

This goes directly to whether Harrell is innocent of the aggravated robbery of Burgess—a necessary element of malicious prosecution, which Harrell brought against Brinson in the 2006 lawsuit.

As noted above, Brinson specifically challenged this element in his summary-judgment motion. And the trial court granted summary judgment in favor of Brinson on this and all of Harrell's other claims in that lawsuit, and Harrell's appeals from the 2006 lawsuit were dismissed by this Court. Accordingly, we conclude that Brinson has shown that Harrell's current lawsuit is an attempt to relitigate an issue that has been finally determined against him in a prior litigation. *See* TEX. CIV. PRAC. & REM. CODE § 11.054(2)(B).

**2.     Did Brinson show that there was not a reasonable probability that Harrell would prevail on his fraud and conspiracy claims in this lawsuit?**

Brinson argued in his motion that Harrell's fraud and conspiracy claims are barred by the applicable four-year statute of limitations—thus, there is not a reasonable probability that he would be successful on these claims. Harrell counters that his claims are not barred by the statute of limitations because his causes of action did not accrue until 2021, when he discovered the offense report, or, alternatively, the limitations period was tolled by Brinson's fraudulent concealment.

Harrell's claims for both common-law fraud and conspiracy to commit fraud are subject to a four-year statute of limitations period. *See* TEX. CIV. PRAC. & REM.

12

CODE § 16.004(a)(4) (fraud); *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 145 (Tex. 2019) ("Because a civil conspiracy claim is derivative of an underlying tort, the claim accrues when the underlying tort accrues."). Limitations do not begin to run until a cause of action accrues. *Hous. Endowment Inc. v. Atlantic Richfield Co.*, 972 S.W.2d 156, 159 (Tex. App.—Houston [14th Dist.] 1998, no pet.). "Generally, a cause of action accrues when a wrongful act causes a legal injury." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)). Stated another way, a "cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998).

Here, there is no dispute that Brinson testified at the suppression hearing on July 6, 2005. Thus, we conclude that Harrell's causes of action for fraud and conspiracy to commit fraud occurred at the time of Brinson's testimony. Because Harrell did not file his original petition in this case until May 24, 2021, almost 16 years later, his causes of action are time-barred unless the discovery rule or the doctrine of fraudulent concealment applies.

Under the discovery rule, a cause of action does not accrue until the injury could reasonably have been discovered. *See BP Am. Prod. Co. v. Marshall*, 342

13

S.W.3d 59, 65 (Tex. 2011); *see also Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997) ("Generally, in a case of fraud the statute of limitations does not commence to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence."). The discovery rule is applied categorically to instances in which "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *BP Am. Prod. Co.*, 342 S.W.3d at 65–66. An injury is not inherently undiscoverable when it is the type of injury that could be discovered through the exercise of reasonable diligence. *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001).

Similarly, a defendant's fraudulent concealment of wrongdoing may toll the statute of limitations after the cause of action accrues. *BP Am. Prod. Co.*, 342 S.W.3d at 67. A party asserting fraudulent concealment must establish an underlying wrong and that "the defendant actually knew the plaintiff was in fact wronged, and concealed that fact to deceive the plaintiff." *Id.* But fraudulent concealment only tolls the running of limitations until the fraud is discovered or could have been discovered with reasonable diligence. *Id.*

Harrell's allegations here center on Brinson's alleged false testimony at the July 2005 suppression hearing that law enforcement recovered Burgess's stolen property directly from Harrell's workspace. And, as noted above, Harrell's

14

contention is that it was Brinson who was in possession of Burgess's stolen property, *not Harrell*, and that Brinson did not recover that property from him.

But because Harrell, who was present at the suppression hearing, is effectively claiming innocence, by his own admission then he would have known of his alleged injury—Brinson's allegedly false testimony that law enforcement recovered Burgess's stolen property from Harrell's workspace—at the time Brinson testified. The nature of Harrell's injury is therefore not inherently undiscoverable, and the discovery rule is inapplicable. *See, e.g.*, *Patrick v. Howard*, 904 S.W.2d 941, 944 (Tex. App.—Austin 1995, no writ) (holding nature of plaintiffs' injuries from tort claims for wrongful criminal prosecution was not inherently undiscoverable because plaintiffs claimed they were innocent of all criminal charges against them and, therefore, knew of their alleged injuries at time they were falsely arrested and prosecuted).

And because Harrell would have known of the alleged fraud at the time of Brinson's testimony, the fraudulent-concealment doctrine likewise does not apply. *See BP Am. Prod. Co.*, 342 S.W.3d at 67 (noting that fraudulent concealment tolls the limitations period until fraud is discovered or could have been discovered with reasonable diligence). Because the discovery rule did not delay accrual of the limitations period and the fraudulent concealment doctrine did not toll the running of the limitations period, Harrell's causes of action for fraud and conspiracy to

15

commit fraud accrued at the time of Brinson's testimony in 2005. His lawsuit filed

in 2021 was outside the four-year limitations period and was therefore time barred.

Accordingly, we conclude that Brinson has shown that there was not a

reasonable probability that Harrell would prevail on his claims in this lawsuit. *See*

TEX. CIV. PRAC. & REM. CODE § 11.054. Because Brinson met his burden to show

both requirements under section 11.054, we hold that the trial court did not abuse its

discretion in declaring Harrell to be a vexatious litigant. *See id.* § 11.054(2).[11]

## Dismissal

In his remaining issues, Harrell challenges the trial court's order dismissing

with prejudice his claims against Brinson. In particular, Harrell asserts that the trial

court erred in treating Brinson's motion to dismiss as a motion for summary

---

[11]     Harrell also argues that the trial court abused its discretion by dismissing his claims against Brinson after declaring him a vexatious litigant without first requiring Harrell to pay security. *See* TEX. CIV. PRAC. & REM. CODE § 11.055(a) ("A court shall order the plaintiff to furnish security for the benefit of the moving defendant if the court, after hearing the evidence on the motion, determines that the plaintiff is a vexatious litigant."). But Harrell did not raise this issue in the trial court until two years after the trial court's order declaring him a vexatious litigant and only after his first appeal from this order was dismissed by this Court. Accordingly, we hold that he did not timely raise this issue and has not preserved it for our review. *See* TEX. R. APP. P. 33.1(a).

Harrell further argues that he is entitled to a new trial under Texas Rule of Appellate Procedure 34.6(f) because there is no reporter's record of the hearing on Brinson's motion to declare him a vexatious litigant. *See* TEX. R. APP. P. 34.6(f). But there is a reporter's record of the hearing, and therefore Brinson cannot show that the reporter's record has been lost or destroyed as required by Rule 34.6(f). We hold that he is not entitled to a new trial. *See id.*

16

judgment, or, alternatively, erred in dismissing Harrell's claims under Chapter 14 because his pleadings stated a cause of action on which relief could be granted. Harrell also argues that the trial court could not have dismissed Harrell's claims against Brinson based on any of Brinson's alleged affirmative defenses. We conclude that Harrell's pleaded claims against Brinson have no basis in law and, therefore, the trial court did not abuse its discretion in dismissing Harrell's claims under Chapter 14.[12]

## A.      Standard of Review and Applicable Law

Chapter 14 governs litigation brought by an inmate who files an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE § 14.002(a). Harrell filed such an unsworn declaration in this case. Accordingly, Chapter 14 applies to Harrell's suit.

Section 14.003 provides that a court may dismiss a claim if it is frivolous or malicious. *Id.* § 14.003(a)(2). In making that determination, the court may consider, among other things, whether the claim has any arguable basis in law or fact. *Id.* § 14.003(b)(2). A claim is considered to have no arguable basis in law when the legal theory on which it is based is indisputably meritless. *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Nabelek v.*

---

[12]     Because this issue is dispositive, we do not address Harrell's remaining arguments. *See* TEX. R. APP. P. 47.1.

*Dist. Att'y of Harris Cnty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Although Chapter 14 dismissals are generally reviewed for an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal question that we review de novo. *See Scott*, 209 S.W.3d at 265. Where, as here, the trial court dismisses a claim without specifying on which grounds its judgment rests, we may affirm under any applicable legal theory. *See Hosea v. Alamanza*, 659 S.W.3d 129, 133 (Tex. App.—El Paso 2022, no pet.).

In conducting our de novo review, we take as true the allegations of the inmate's petition. *Scott*, 209 S.W.3d at 266. In other words, we review the inmate's petition to determine whether, as a matter of law, it stated a cause of action that would authorize relief. *Id.* at 266–67.

Additionally, a trial court has discretion to dismiss an indigent inmate's claims sua sponte under Chapter 14, regardless of the status of any action taken by the defendant in seeking dismissal. *See Gross v. Carroll*, 339 S.W.3d 718, 722 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (affirming trial court's sua sponte authority to dismiss under Chapter 14). A pending motion to dismiss is not a prerequisite for a trial court's dismissal of an indigent inmate's claims as frivolous. *See* TEX. CIV. PRAC. & REM. CODE § 14.003(a) (permitting dismissal even before defendant is served process or has opportunity to move for dismissal); *see also Harrell v.*

18

*Brinson*, No. 01-18-00031-CV, 2019 WL 1284926, at *3 (Tex. App.—Houston [1st Dist.] Mar. 21, 2019, pet. denied) (mem. op.).

## B.     Analysis

Although Brinson did not specifically reference the procedural basis for dismissal in his motion,[13] Brinson argued that Harrell has continued to assert frivolous claims against Brinson and that Harrell's claims should be dismissed because his claims are barred by the statute of limitations.  We construe this as a motion to dismiss Harrell's claims as frivolous under Chapter 14 because they have no basis in the law. *See Barry v. Barry*, 193 S.W.3d 72, 74 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("In determining the nature of an instrument, courts look to its substance, not to the form of its title or caption."); *see also* TEX. CIV. PRAC. & REM. CODE § 14.003(b)(2).

---

[13]    We note that at the hearing, when the trial court asked the procedural basis for dismissal, Brinson appeared to agree that he was moving to dismiss Harrell's claims against him under Rule 91a. *See* TEX. R. CIV. P. 91a.1.  But Brinson's motion does not reference Rule 91a and that rule does not apply to cases governed by Chapter 14. *See id.* 91a.1 ("*Except in* a case brought under the Family Code or *a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code*, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." (emphasis added)).  Even if Brinson moved to dismiss under Rule 91a, there would be no harm in the error because Rule 91a and Chapter 14 provide a similar procedural mechanism, both allowing dismissal on the grounds that the claim has no basis in law or fact. *See id.*; TEX. CIV. PRAC. & REM. CODE § 14.003(b)(2); *see also, e.g.*, *Enriquez v. Crain*, No. 03-17-00363-CV, 2018 WL 3320986, at *2 (Tex. App.—Austin July 6, 2018, no pet.) (mem. op.).

For the reasons discussed above, we have concluded that Harrell's claims for fraud and conspiracy to commit fraud based on Brinson's alleged false testimony at the July 2005 suppression hearing are barred by the statute of limitations. Accordingly, there is no basis in law for these claims and the trial court properly dismissed Harrell's claims as frivolous under Chapter 14 for this reason. *See Nabelek*, 290 S.W.3d at 228–29 (affirming Chapter 14 dismissal because inmate's suit had no arguable basis in law because the claim was barred by statute of limitations).

Additionally, as the trial court recognized during the hearing, Harrell is attempting to use his fraud and conspiracy claims in the current lawsuit to "go behind [his] criminal conviction." As explained above, Harrell accuses Brinson of possessing Burgess's stolen property, not Harrell, and therefore testifying falsely at Harrell's criminal trial when he stated that law enforcement recovered Burgess's stolen property directly from Harrell's workspace.

He also alleges that Brinson conspired with Evans, who prosecuted Harrell for the aggravated robbery, to present this false testimony. He further asserted section 1983 claims against Evans alleging that she violated his constitutional rights by having Brinson commit aggravated perjury. If true, the facts alleged in his petition would undermine the validity of his conviction. Thus, Harrell is essentially challenging his criminal conviction in a civil suit wherein he seeks damages.

20

The United States Supreme Court has held that to recover money damages for "harms caused by actions whose unlawfulness would render a conviction or sentence invalid," a state prisoner first must show that his conviction or sentence was overturned on appeal, expunged by executive order or state tribunal, or called into question by a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The Supreme Court explained that allowing civil damages resulting from a criminal conviction would violate the longstanding bar against collateral attacks on final judgments. *See id.* at 484–85.

In *Heck*, the inmate plaintiff brought a 42 U.S. section 1983 action alleging that prosecutors and investigators violated his constitutional rights by engaging in an "unlawful, unreasonable, and arbitrary investigation leading to [the plaintiff's] arrest; knowingly destroyed evidence which was exculpatory in nature and could have proved [the plaintiff's] innocence; and caused an illegal and unlawful voice identification procedure to be used at [the plaintiff's] trial." *See id.* at 479. The *Heck* plaintiff's claims called into question his criminal conviction, similar to the claims made by Harrell in his petition here. Although *Heck* applies to plaintiffs proceeding under section 1983, we hold that its reasoning is applicable to the claims made by

Harrell because they are similar in nature to those addressed in *Heck*. Therefore, we believe it is appropriate to apply the *Heck* analysis to the instant case.[14]

The claims Harrell alleged in his petition, if true, would undermine the validity of his criminal conviction. Therefore, unless he has proved his conviction has been overturned in some manner, a civil district court is not the proper forum for his complaints, and damages are not warranted. There is nothing in our record indicating that Harrell's criminal conviction for aggravated robbery has been overturned or that he has been exonerated of the conviction.

Accordingly, we hold that Harrell may not recover damages as a result of circumstances surrounding the suppression hearing during his criminal trial for aggravated robbery and his subsequent conviction for that offense. *See Heck*, 512 U.S. at 486–87. Consequently, the trial court properly dismissed Harrell's claims as frivolous under Chapter 14 for this reason as well.[15]

---

[14] *See, e.g.*, *Powell v. Wilson*, No. 02-16-00023-CV, 2016 WL 3960590, at *3 (Tex. App.—Fort Worth July 21, 2016, pet. denied) (mem. op.) (applying *Heck* to plaintiff's Texas Tort Claims Act claims against trial judge and court reporter from plaintiff's criminal trial, accusing them of obtaining his conviction by fraud, because the facts, if true, would undermine the validity of his conviction); *Gentry v. Hous. Police Dep't*, No. 14-08-01094-CV, 2009 WL 10453387, at *1–2 (Tex. App.—Houston [14th Dist.] July 16, 2009, no pet.) (mem. op.) (applying *Heck* to inmate plaintiff's claims against police department, county, and medical examiner for, among others, perjury and concealment of evidence, and affirming dismissal under Chapter 14 as having no basis in law because allegations undermined plaintiff's criminal conviction and there was no evidence his conviction had been overturned).

[15] Although Brinson did not raise this basis in his motion, the trial court need not rely upon a defendant's motion to exercise its discretionary power to dismiss under

**Conclusion**

For all the reasons above, we affirm the trial court's judgment declaring Harrell a vexatious litigant and dismissing his claims against Brinson with prejudice.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

---

Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE § 14.003(a); *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.); *see also Gross v. Carroll*, 339 S.W.3d 718, 722 (Tex. App.—Houston [1st Dist.] 2011, no pet.).